UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER a/s/o MARK REEVES,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>HORIZON BLUE CROSS BLU EHSIELD OF NEW JERSEY, PSE&G, ABC CORP. 1-10,<br><br>　　　　　Defendants. | CIVIL ACTION NO.: 12-2478 |

**MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULE 12(b)(6)**

Edward S. Wardell, Esquire
Matthew A. Baker, Esquire
Connell Foley LLP
*Attorneys for Defendant*
*Horizon Blue Cross Blue Shield of New Jersey*
Liberty View
457 Haddonfield Rd., Ste. 230
Cherry Hill, NJ 08002
(856) 317-7100

2709317-01

# TABLE OF CONTENTS

**PAGE**

INTRODUCTION ........................................................................................................................ 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY.................................................... 1

    A.    The Parties ................................................................................................................ 1

    B.    The Applicable Self-Funded ERISA-Governed Employee Benefits Plan....................... 2

    C.    Plaintiff's Claim for Benefits Under PSE&G Plan............................................................ 2

LEGAL ARGUMENT................................................................................................................... 2

    A.    The Legal Standard ................................................................................................... 2

    B.    The Complaint Should Be Dismissed Because Aetna is Not the Proper Party ............... 3

CONCLUSION............................................................................................................................. 4

# TABLE OF AUTHORITIES

*Cases*

Accord Pension Benefit Guar. Corp. v. White Consol. Inds., Inc., 998 F.2d
 1192, 1196 (3d Cir. 1993), cert. denied, 510 U.S. 1042 (1994) .................................................. 3

Briglia v. Horizon Healthcare Services, 2005 U.S. Dist. LEXIS 18708
 (D.N.J. May 13, 2005) ........................................................................................................... 1, 4

In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410 (3d Cir. 1997) ..................................... 3

Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250 (3d Cir.
 1994) .......................................................................................................................................... 3

Shaw v. Digital Equip. Corp., 82 F.3d 1194 (1st Cir. 1996) ........................................................... 3

*Other Authorities*

29 U.S.C. § 1001 ............................................................................................................................ 1

N.J.S.A. 17:48E-1 to -48 ................................................................................................................ 1

Rule 12(b)(6) .............................................................................................................................. 2, 3

## INTRODUCTION

Plaintiff Montvale Surgical Center ("MSC"), brought this action against Horizon, as the assignee of Mark Reeves, to recover benefits for services allegedly rendered to Mr. Reeves on or about May 24, 2010, and November 15, 2010. Mr. Reeves receives health benefits from his employer through a self-funded employee health benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). By this Motion, Horizon moves to dismiss the Plaintiff's Complaint because Horizon is not the proper party for claims asserted under the self-insured health benefit plan at issue. Briglia v. Horizon Healthcare Services, 2005 U.S. Dist. LEXIS 18708 (D.N.J. May 13, 2005).

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

**A.   The Parties**

Horizon is a not-for-profit health service corporation established under the Health Services Corporation Act, N.J.S.A. 17:48E-1 to -48, and is authorized to transact business in the State of New Jersey, with its principal place of business located at Three Penn Plaza, Newark, New Jersey. (Notice of Removal, ¶ 3). Horizon, among other things, provides health benefits for its subscribers and administers benefits for participants and beneficiaries of employee health benefit plans governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). (Notice of Removal, ¶ 3).

Plaintiff MSC is an outpatient ambulatory surgery center (ASC) where allegedly minimally invasive pain management and podiatry procedures are performed, having its office located at 6 Chestnut Ridge Road, Montvale, NJ 07645. (Complaint, ¶ 1). Plaintiff is an "out-of-network" medical provider and does not have a contract with Horizon. MSC is bringing this action as an alleged assignee of Mark Reeves. (Complaint, ¶ 3).

1

2709317-01

Mark Reeves was a participant in a self-funded employee health benefit plan established by his employer, Public Service Electric and Gas Company ("PSE&G"). (NOR, ¶ 1).

### B. The Applicable Self-Funded ERISA-Governed Employee Benefits Plan

Mark Reeves receives health benefits from his employer, PSE&G, through a self-funded employee benefit plan governed by ERISA. Horizon provides only administrative services, however, Horizon is not a fiduciary and payment of benefits are paid from PSE&G's funds. (Attached hereto as Exhibit "A" are the relevant portions of the PSE&G Plan; 109-110). Under the terms of the PSE&G Plan, the employee benefits committee has the exclusive right to interpret and administer the plan. (Exhibit "A" pp. 52).

### C. Plaintiff's Claim for Benefits Under PSE&G Plan

Plaintiff filed a Complaint against Horizon seeking increased reimbursement for services purportedly rendered to Mark Reeves on May 24, 2010 and November 15, 2010 under the terms of the PSE&G Plan. No payment was made on these claims as the services were not covered under the terms of the PSE&G Plan. Plaintiff is seeking reimbursement for these services in the amount of $29,525. As Horizon is not a proper party to this action, Horizon now files this Motion to Dismiss Plaintiff's Complaint.

## LEGAL ARGUMENT

### A. The Legal Standard

Horizon seeks to dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true the allegations of the plaintiff's complaint and all reasonable inferences that can be drawn therefrom. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

In resolving a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a 'document *integral to or explicitly relied* upon in the complaint' may be considered" by the Court "without converting the motion [to dismiss] into one for summary judgment." In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)(emphasis added). Accord Pension Benefit Guar. Corp. v. White Consol. Inds., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993), cert. denied, 510 U.S. 1042 (1994)("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if plaintiff's claims are based on the document.") Because Plaintiff's claims are based on the terms of Mark Reeves' health benefit plan, the Court may consider the plan documents without converting this motion into a motion for summary judgment.

**B.     The Complaint Should Be Dismissed Because Horizon is Not the Proper Party**

It is well-settled that the proper party defendant on claims for benefits under self-funded or self-insured plans, of course, is the plan itself. Courts have repeatedly construed ERISA 502(d)(1) and (2) to mean that when a participant in a plan claims that the plan has failed to pay or cover a benefit owed, he or she must name the plan as the defendant, rather than some other person or entity that is involved in the operation of the plan. A plaintiff may bring a claim against a third-party plan administrator of a self-funded plan, but only if the third-party administrator is a fiduciary. Briglia, 2005 U.S. Dist. LEXIS 18708 at *17-18. The key determination as to whether an administrator is a fiduciary is discretion. Id. at 18.

It is undisputed that Plaintiff was a participant in the self-funded employee benefits plan established by PSE&G for which Horizon merely provided administrative services. (Exhibit "A" pp. 109-110). The Plan, not Horizon, has the exclusive right to administer and interpret the plan.

3

(Exhibit "A" pp. 52). In fact, payment of claims for services rendered under the PSE&G Plan are paid by PSE&G's funds and not Horizon. (Exhibit "A" pp. 109-110). Because Plaintiff seeks increased reimbursement under a self-insured plan, Horizon is not the proper party and the Complaint must be dismissed. See Briglia, 2005 U.S. Dist. LEXIS 18708 at *17.

## CONCLUSION

For the foregoing reasons, Defendant Horizon Blue Cross Blue Shield of New Jersey respectfully requests that this Court dismiss the Complaint filed by Montvale Surgical Center.

CONNELL FOLEY LLP
*Attorneys for Defendant*
*Horizon Blue Cross Blue Shield of New Jersey*

BY: _____
   Matthew A. Baker, Esquire

DATE:   May 17, 2012

4

2709317-01