UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MONTVALE SURGICAL CENTER a/s/o MARK REEVES**<br><br>　　　　**Plaintiff,**<br><br>　v.<br><br>**HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY; PSE&G; ABC CORP. 1-10,**<br><br>　　　　**Defendants.** | Civ. No. 12-2478 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Defendant Horizon Blue Cross Blue Shield of New Jersey's ("Horizon's") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Horizon's motion is unopposed. For the reasons set forth below, Horizon's motion is **GRANTED**.

### I.　　FACTUAL AND PROCEDURAL BACKGROUND[1]

Defendant Public Service Electric and Gas Company ("PSE&G") maintains a self-funded health insurance plan (the "PSE&G Plan") for its employees and their participating family members ("Plan Participants"). (Compl. ¶¶ 2, 4.) As such, the

---

[1] As this is a Rule 12(b)(6) motion to dismiss, the following assumes the facts in Plaintiff's Complaint as true. In addition, because Plaintiff's claims against Defendants are rooted in non-party Mark Reeves's rights under the terms of the PSE&G Plan, *see* Compl. ¶ 7, the Court will consider the portions of the PSE&G Plan Description which Defendant attached to its present motion. *Carducci v. Aetna U.S. Healthcare*, 247 F.Supp.2d 596, 609 (D.N.J. 2003).

1

PSE&G Plan is an "employee welfare benefit plan"[2] which is governed by the Employee Retirement Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").  Defendant Horizon is a PSE&G Plan "Claims Administrator," meaning that it processes Plan Participant's requests for medical benefits under the terms of the PSE&G Plan ("Claims").  (PSE&G Plan Description 109-110, Mot. to Dismiss Ex. A, ECF No. 5-4.)  PSE&G pays for those Claims using its own funds.  (*Id*.)  As set forth in the PSE&G Plan, an "Employee Benefits Committee" is vested with the exclusive right to interpret and administer the Plan.  (*Id*. at 52, Ex. A, ECF No. 5-4; *Id*. at 119, Ex. B, ECF No. 7.)  Plaintiff does not allege any facts which suggest that Horizon is in any way involved with that Committee.

   Non-party Mark Reeves is a PSE&G Plan Participant.  (Compl. ¶ 5.)  Plaintiff Montvale Surgical Center, LLC is an outpatient ambulatory surgery center which administered injections to Reeves on May 24, 2010 and November 15, 2010.  (*Id*. at ¶¶ 1, 12.)  Plaintiff received an assignment of Reeves's contractual rights under the Plan and submitted Claims for Reeves's injections to Defendants.  (*Id*. at ¶¶ 7,12.)  Plaintiff asserts that Horizon improperly denied Plaintiff's Claims, and thus, that Defendants presently owe it $29,525.00.  (*Id*. at ¶¶ 12, 13.)

   On March 22, 2012, Plaintiff commenced this action in New Jersey state court, asserting state law claims against Defendants for breach of contract, promissory estoppel, negligent misrepresentation, and unjust enrichment.  *Id*.  On April 26, 2012, Horizon removed this matter to district court, based on its assertion that because Plaintiff seeks to

---

[2] 29 U.S.C. § 1002(1).

recover benefits under the terms of the PSE&G Plan, Plaintiff has asserted a § 502(a)(1) ERISA claim which completely preempts Plaintiff's state law claims.[3] Plaintiff did not object to removal. Thereafter, Horizon filed the present motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which Plaintiff has also failed to oppose.

## II. DISCUSSION

### A. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

---

[3] ERISA § 502(a) allows "a participant or beneficiary" to bring an action "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004).

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Twombly*, 550 U.S. at 556).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993).

### B. Analysis

In this matter, Plaintiff seeks payment under the terms of the PSE&G Plan for medical services which it rendered to Plan Participant Mark Reeves. Thus, Plaintiff has asserted a § 502(a)(1) ERISA claim in which it has named PSE&G – the company which funds the Plan – and Horizon, a company which processes Claims made pursuant to the Plan – as Defendants. For purposes of the present motion, the Court notes that a § 502(a)(1) ERISA claim is only properly asserted against a third-party administrator of a self-funded plan if the third-party administrator is a fiduciary[4] of that plan. *Briglia v. Horizon Healthcare Svcs., Inc.*, No. 03-cv-6033, 2005 WL 1140687, at *5 (D.N.J. May 13, 2005). *See also, Ambulatory Surgical Ctr. of New Jersey v. Horizon Healthcare Services, Inc.*, No. 07-cv-2538, 2008 WL 8874292, at *3 (D.N.J. Feb. 21, 2008); *Wayne*

---

[4] ERISA defines a fiduciary as a person or entity that "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . [or holds] any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A); *see also Briglia v. Horizon Healthcare Svcs., Inc.*, No. 03-6033, 2005 WL 1140687, at *6 (D.N.J. May 13, 2005).

4

*Surgical Center, LLC v. Concertra Preferred Systems, Inc.*, No. 06-cv-928, 2007 WL 2416428, at *6 n. 3 (D.N.J. Aug. 20, 2007); *Glen Ridge Surgicenter, LLC v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, Civ. No. 08-6160, 2009 WL 3233427, at *5 (D.N.J. Sept. 30, 2009).

With that consideration in mind, third-party administrator Horizon now moves to be dismissed from this action based on its assertion that it is not a fiduciary of the PSE&G Plan.  In considering Horizon's motion, the Court notes that "the linchpin of fiduciary status under ERISA is discretion."  *Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 233 (3d Cir.1994).  In other words, fiduciary liability will only attach to Horizon if it exercises "more discretion and control than that of a mere claims processor . . . [M]aking initial claims decisions and processing claims fails to constitute a fiduciary." *Briglia*, 2005 WL 1140687, at *8.

In this case, Plaintiff claims that Horizon made an improper determination that Reeves' treatments were medically unnecessary and improperly denied payment – which would be derived exclusively from PSE&G's funds – for those treatments.  Aside from those bare assertions, Plaintiff fails to plead facts which suggest that Horizon exercised any discretion or control when it processed Plaintiff's Claims.  Moreover, under the terms of the PSE&G Plan, interpretation of the Plans terms is limited to the Employee Benefits Committee, and there are no facts which suggest that Horizon is a part of that Committee.  In short, and as in *Briglia*:

> the Court finds that Plaintiff has not sufficiently alleged that Horizon assumed any discretionary authority or acted outside the express limitations of the plan documents which gave all final decision-making to the plan.  Granting all

5

>inferences to Plaintiff in this motion to dismiss, the Court finds nonetheless that Horizon is not a fiduciary according to 29 U.S.C. § 1002(21)(A) and Horizon is not a proper defendant under ERISA section 502(a)(1)(B).

*Briglia* at *9 (D.N.J. May 13, 2005).  Because Plaintiff has failed to sufficiently allege facts showing that Horizon is a PSE&G Plan fiduciary, Horizon's motion to dismiss will be **GRANTED**.

### III. CONCLUSION

For the reasons stated above, Defendant Horizon's Rule 12(b)(6) motion is **GRANTED**.  An appropriate order follows.

          /s/William J. Martini
       **WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 6, 2012.**