**Robert L. Sanchez, Esq. (RLS-6605)**
**Law offices of William E. Frese**
P.O. Box 570, T-5D
80 Park Plaza
Newark, New Jersey  07101
Tel:  (973) 430-8200
Attorney for Defendant,
Public Service Electric
and Gas Company

UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER, LLC : <br><br>          Plaintiff : <br> : <br> vs. : <br> : <br> : <br> HORIZON BLUE CROSS BLUE SHIELD : <br> OF NJ; PSE&G, ABC CORP. (1-10) (Said : <br> names being fictitious and unknown : <br> entities), : <br> : <br>          Defendants. : | CIVIL ACTION NO.<br>2:12-cv-02478<br><br>**DEFENDANT, PUBLIC SERVICE ELECTRIC AND GAS COMPANY'S ANSWER TO COMPLAINT AND JURY DEMAND** |

Defendant, Public Service Electric and Gas Company ("PSE&G") with a principal place of business at 80 Park Plaza, Newark, New Jersey, by way of Answer to Plaintiff's Complaint and Jury Demand, says:

<b><u>THE PARTIES</u></b>

1. It has no knowledge or information thereof sufficient to form a belief as to the allegations contained in Paragraph 1.

2. It admits the allegations contained in Paragraph 2.

3. It admits the allegations contained in Paragraph 3.

4. It admits the allegations contained in Paragraph 4.

5. It has no knowledge or information thereof sufficient to form a belief as to the allegations contained in Paragraph 5.

6. It has no knowledge or information thereof sufficient to form a belief as to the allegations contained in Paragraph 6.

7. It has no knowledge or information thereof sufficient to form a belief as to the allegations contained in Paragraph 7.

## **SUBSTANTIVE ALLEGATIONS**

8. It admits the allegations contained in Paragraph 8 insofar as they refer to PSE&G.

9. It has no knowledge or information thereof sufficient to form a belief as to the allegations contained in Paragraph 9.

10. It has no knowledge or information thereof sufficient to form a belief as to the allegations contained in Paragraph 10.

11. It denies the allegations contained in Paragraph 11, insofar as they refer to or concern this Defendant.

12. It has no knowledge or information thereof sufficient to form a belief as to the allegations contained in Paragraph 12.

13. It neither admits nor denies the allegations contained in Paragraph 13, as the allegations do not refer to or concern this Defendant.

14. It denies the allegations contained in Paragraph 14, insofar as they refer to or concern this Defendant.

15. It has no knowledge or information thereof sufficient to form a belief as to the allegations contained in Paragraph 15.

16. It has no knowledge or information thereof sufficient to form a belief as to the allegations contained in Paragraph 16.

## FIRST COUNT

17. In Answer to Paragraph 17, it repeats its answers to all prior allegations of this Complaint as if fully set forth herein at length.

18. It neither admits nor denies the allegations contained in Paragraph 18, as the allegations do not refer to or concern this Defendant.

19. It neither admits nor denies the allegations contained in Paragraph 19, as the allegations do not refer to or concern this Defendant.

20. It neither admits nor denies the allegations contained in Paragraph 20, as the allegations do not refer to or concern this Defendant.

21. It neither admits nor denies the allegations contained in Paragraph 21, as the allegations do not refer to or concern this Defendant.

## SECOND COUNT

22. In Answer to Paragraph 22, it repeats its answers to all prior allegations of this Complaint as if fully set forth herein at length.

23. It admits the allegations contained in Paragraph 23.

24. It admits the allegations contained in Paragraph 24.

25. It denies the allegations contained in Paragraph 25.

26. It denies the allegations contained in Paragraph 26.

## THIRD COUNT

27. In Answer to Paragraph 27, it repeats its answers to all prior allegations of this Complaint as if fully set forth herein at length.

28. It has no knowledge or information thereof sufficient to form a belief as to the allegations contained in Paragraph 28.

29. It denies the allegations contained in Paragraph 29, insofar as they refer to or concern this Defendant.

30. It denies the allegations contained in Paragraph 30, insofar as they refer to or concern this Defendant.

31. It denies the allegations contained in Paragraph 31, insofar as they refer to or concern this Defendant.

32. It denies the allegations contained in Paragraph 32, insofar as they refer to or concern this Defendant.

33. It denies the allegations contained in Paragraph 33, insofar as they refer to or concern this Defendant.

## FOURTH COUNT

34. In Answer to Paragraph 34, it repeats its answers to all prior allegations of this Complaint as if fully set forth herein at length.

35. It denies the allegations contained in Paragraph 35, insofar as they refer to or concern this Defendant.

36. It denies the allegations contained in Paragraph 36, insofar as they refer to or concern this Defendant.

37. It denies the allegations contained in Paragraph 37, insofar as they refer to or concern this Defendant.

38. It denies the allegations contained in Paragraph 38, insofar as they refer to or concern this Defendant.

39. It denies the allegations contained in Paragraph 39, insofar as they refer to or concern this Defendant.

## FIFTH COUNT

40. In Answer to Paragraph 40, it repeats its answers to all prior allegations of this Complaint as if fully set forth herein at length.

41. It denies the allegations contained in Paragraph 41, insofar as they refer to or concern this Defendant.

42. It denies the allegations contained in Paragraph 42, insofar as they refer to or concern this Defendant.

43. It denies the allegations contained in Paragraph 43, insofar as they refer to or concern this Defendant.

### SIXTH COUNT

44. In Answer to Paragraph 44, it repeats its answers to all prior allegations of this Complaint as if fully set forth herein at length.

45. It denies the allegations contained in Paragraph 45, insofar as they refer to or concern this Defendant.

### FIRST DEFENSE

It avers that there was no contractual relationship existing between the Plaintiff and this Defendant.

### SECOND DEFENSE

It avers there was no duty owing by this Defendant to the Plaintiff.

### THIRD DEFENSE

It avers there was no violation of any alleged duty owed by this Defendant to the Plaintiff.

### FOURTH DEFENSE

It avers that the Complaint fails to state a claim upon which relief can be granted.

### FIFTH DEFENSE

This Defendant avers and alleges that the Plaintiff fails to state a cause of action upon which relief can be granted.

## SIXTH DEFENSE

It avers that this Defendant is not in breach of any contractual relationship between Plaintiff and this Defendant.

## JURY DEMAND

Defendant PSE&G hereby demands a trial by jury on all issues.

                                  WILLIAM E. FRESE, ESQ.
                                  Attorney for Defendant,
                                  Public Service Electric and Gas Company

Dated:   1/30/13                    By: /s/ Robert L. Sanchez, Esq.
                                          Robert L. Sanchez, Esq.

**STATE OF NEW JERSEY** )
                             ) ss:
**COUNTY OF ESSEX**      )

      PAULA A. NATALIZIO, being duly sworn according to law, upon her oath, deposes and says, At the request of Robert L. Sanchez, Attorney for the Defendant, Public Service Electric and Gas Company, on January 30, 2013, I sent electronically a copy of an Answer to Complaint and Jury Demand by electronic mail to:

                        William T. Walsh, Clerk
                        United States District Court
                        50 Walnut Street
                        District of New Jersey
                        M.L. King, Jr. Federal Bldg.
                        & U.S. Courthouse
                        50 Walnut Street
                        Newark, NJ  07101-0999


                        Andrew R. Brosnick, Esq.
                        c/o Massood & Brosnick, LLC
                        50 Packanack Lake Road East
                        Wayne, NJ   07470-6663
                        Attorney for Plaintiff




                        /s/ Paula A. Natalizio
                        Paula A. Natalizio

LAW OFFICES OF
**WILLIAM E. FRESE**

80 PARK PLAZA, T5D
P.O. BOX 570
NEWARK, NEW JERSEY 07101

(973) 430-8200
FAX (973) 645-1103

WILLIAM E. FRESE
CERTIFIED CIVIL TRIAL ATTORNEY
ROBERT L. SANCHEZ
SUZANNE M. KLAR
GEORGE W. KEEFER
PETER L. AGOSTINI
FRANÇOIS D. PROPHETE

January 30, 2013

William T. Walsh, Clerk
United States District Court
50 Walnut Street
District of New Jersey
M.L. King, Jr. Federal Bldg.
 & U.S. Courthouse
50 Walnut Street
Newark, NJ  07101-0999

> Re:   Montvale Surgical Center, LLC a/s/o
>       Mark Reeves vs. PSE&G
>       Docket No. 2:12-cv-02478
>       <u>Our File No. D-2013-11254</u>

Dear Sir:

    Enclosed herewith please find an original Answer To Complaint and Jury Demand on behalf of the Defendant, Public Service Electric & Gas Company regarding the above referenced matter.

    Kindly file same.

> Very truly yours,
>
> WILLIAM E. FRESE, ESQ.
>
> By:   <u>/s/ Robert L. Sanchez</u>
>       Robert L. Sanchez, Esq.

RLS:pn
Enclosures
CC:   Andrew R. Brosnick, Esq. (w/enclosure)
Answer to Complaint in Federal District Court Case Montvale Surgical